We'll hear argument now in the case of United States against Jordan. Mr. Henderson, welcome back. Good morning again, and may it please the court. I'm Peter Henderson. I represent Anthony Jordan in this case. Due process requires that a revocation hearing that the district judge issue a written statement or statement on the record. As to the evidence, it relies on and the reasons for revoking supervised release. There are two main reasons I think in this case, especially that that is a requirement. One is to permit the defendant to know how he violated and you know, Mr. Jordan is on supervised release currently pursuant to the judgment. He needs to know how do I conform my conduct to these conditions? How do I not get revoked? And part of that is understanding why the district court found that he should be revoked in the first place. And then the second more legalistic Mr. Henderson, I hope the judge didn't find that he should be revoked. Maybe he found that his supervised release should be revoked. I'm not sure what it would be like to revoke a person. Your Honor, as it's, it's, it's the common, the vulgar language of, of trial court practitioners, I suppose to use such discrimination cases, we keep hearing that the plaintiff was terminated. And I wonder how he's still walking around, right? Well, release can be revoked, jobs can be terminated and so on. That always helps to be a little better with language. I will Sure. I guess one of the things that struck me is noteworthy about this case, whether it was appropriate for prison or not is a different question. But I thought it was unusual that the Mr. Jordan was apparently out of touch with probation for several weeks here. They were unable to contact him with when they were trying to. The other question is a more general question about practices in the central district of Illinois, where I gather revocations of supervised release, returning people to prison for sort of class C violations for violations of what might be loosely termed the administrative provisions are pretty common, as opposed as distinct from committing a new crime or positive drug tests. Yeah, let me address the second question first. Our general experience, I would say is that it is more common to see technical violations in our district. That's, that's sort of our general experience in this case certainly fits the bill. And, you know, part of the part of the problem is the culture of the role of probation. And I think in because there are two competing roles. One is to act sort of as a social worker to help people get back on their feet after they've served lengthy prison sentence like Mr. Jordan did. And part of it is as a law enforcement officer. And so I think different districts do have different weights that they assign to those roles. Our experience, we certainly have our perspective on it is that the law enforcement side comes into play more often, which is why you get technical violations like this. It seems plain from the record that Mr. Jordan showed up for the first appointment after these alleged failures had occurred. And at that appointment, he had a bad reaction to what he perceived to be a false allegation of misconduct of missing a drug test. And the decision to file a petition to revoke came a week later. And so from our perspective, that was a great opportunity to say, look, we need to go before the judge and have things modified. We need to somehow correct this attitude problem or correct this, you know, relationship problem without resorting to look, if you don't listen to us, you're going to prison, which it seems is what happened here. And due to the lack of findings by the district court, it's hard to see on what basis Mr. Jordan's supervised release was revoked. Why wasn't it sufficient that the court adopted the factual findings in the probation officer's report? I suppose there are two answers. One is we don't think that the district court did adopt them. The court specifically said that. Right, but I think, again, this is sort of the practice in the trial court, which of course you're familiar with. On page four of the transcript, the district judge says, okay, I adopted the facts in the violation memorandum, but she hadn't heard any facts yet. But that came directly after discussing what are the guidelines, statutory provisions. So it seems clear she was addressing at that point, there are no objections to the legal parameters. So I'm going to adopt what the violation memorandum says about that. On page 94, that's in the context, she's already found Mr. Jordan in violation and she's moved on to the conditions of supervised release. There have been no objections or there was an objection about a halfway house, things like that. And when considering the conditions of supervised release, which take up about half the memorandum, she says, I adopt the findings in that memorandum because of course conditions of supervised release must be justified by findings that they are appropriate. So in context, our position is that the judge never adopted those. But assuming that she did, the problem is that the central issues in the case went unresolved. We had competing testimony about whether Mr. Jordan was blameworthy for not showing up to this June 4th drug test and not completing an evaluation. The district judge did not hear argument from counsel as to whether Mr. Jordan had actually violated supervised release. Instead, the court summarily found that he had and moved on to sentencing. But why would, on that particular point, why wouldn't it be sufficient if the district court did adopt the findings in the probation officer's memorandum, which were findings or factual statements that he did intentionally fail to show up? Why wouldn't that be sufficient? I suppose I read the violation memorandum differently than I, there are allegations, for example, that he violated these conditions. I didn't read the probation officer's account, which she largely repeated in her testimony, to say that he intentionally missed these. I read her to allege that he had violated the conditions of supervised release. And here are the facts as I know them that established the violation. I don't think we can divine intent from the probation officer's factual account of what she saw. Mr. Henderson, I guess what I'm concerned about, and I also hope that the government will address this as well, is I'm assuming at this point that there was a sufficient evidentiary basis for the judge to find violations given what was in the memo. But the fact that revocation might have been authorized by law is a very different question from whether more time in prison is the appropriate response. And that's where I'm concerned that we just don't see the kind of explanation that seems to be required. I agree with that. And that has to do with the various alternatives we laid out in our reply brief. The government's treating this as a sufficiency of the evidence claim, which it is not. We don't know why the district court decided to revoke Mr. Jordan's supervised release. If the district court had said or had made factual findings and then explained, and so this is why I think that, you know, this deserves revocation instead of proceeding immediately to sentencing, then we would have probably an abuse of discretion standard. But we would be able to argue, as defendants have in other cases, that sending somebody to prison over this is an abuse of discretion, whether that would be a successful challenge or not. The fact is that competent appellate review of that question is foreclosed because we simply don't know the basis of the district court's decision. So it's very hard to come up to this court and say that the district court abused its discretion because we just we have no findings to suggest either way whether the discretion was well-founded or not. I will reserve the remaining 30 seconds or so for rebuttal. Thank you. Certainly, Counsel. Mr. Correa, Ms. Correa, sorry. Thank you, Your Honor, and may it please the court, Crystal Correa for the United States. The court issue here is whether or not the court committed error in finding, after a full revocation hearing, that the defendant did in fact violate the terms of his supervised release. I'll note that this is a procedural challenge, and when we've seen this on appeal, normally the standard is plain error when the appellant or defendant didn't object to the procedure that was followed below. In this instance, the... Counsel, in reading your brief, you seem to rely pretty heavily on the plain error standard of review. Do you think your position depends upon our decision whether we apply the plain error standard or look more closely at the procedural issues here? No, Your Honor. Even if... I'm sorry. And the sufficiency of the explanation, not the sufficiency of the evidence, but the sufficiency of the explanation for saying, given these violations, the appropriate remedy is 10 more months in the federal prison. Under any review, the government believes that we would be successful under a de novo review or a plain error review. The core of the issue is whether or not the court has a complete record coming up on appeal about what transpired in district court in order for the review to take place. In this instance, as Judge St. Eve noted, not only does the court rely on the violation memorandum, and it's a little interesting that the appellant wants to say that the court has only taken notice of certain portions of the violation memorandum. At the end of the day, the court twice indicated that it relied on the factual findings of the violation memorandum. So to parse it out and to say that only two portions of the violation memorandum were relied upon and the rest was discarded doesn't seem to make a whole lot of sense in this context. But even if the court were to believe that the court only looked at conditions of supervised release in the violation memorandum, as well as the guidelines calculation in the memorandum, that still doesn't negate the fact that the court had a full evidentiary hearing. Counsel, I'm worried about the same sort of things that Judge Hamilton is worried about. I understand the defendant's position here to be in the nature of a confession and avoidance. He says, well, I did the things I was accused of, but my real problem is I don't deal with cell phones very well. I don't listen to my voicemail. All right. So I haven't kept up with schedules and I'm not as bad as somebody who does those things deliberately. My question is, where did the district judge deal with that line of argument by the defense? Your Honor, when we look at cases like United States versus Diallo. No, please, counsel, deal with my question. I didn't ask you to discuss any cases. I understand. Tell me where the district judge dealt with that line of argument. Your Honor, the court dealt with it in an implicit way when it ruled that the defendant did, in fact, violate the terms of his supervisor lease in making the findings of the defendant. He is contesting that he's giving explanations for his violation. The explanations may or may not be good ones. But I take it from your answer that the answer is no. The district judge never dealt with those explanations by the defendant. Correct, Judge. The district court did not specifically in its findings say, I find the defendant incredible. I find that the defendant's explanations are not sufficient. But case law shows that the court, the explanation need not be so specific as to address every challenge that the defendant raises in a contested hearing. Counsel, the question is whether the judge addressed any of these challenges and the fundamental judgment, given the facts, given the violations with or without mitigating circumstances, is prison, why is prison appropriate here? And that's what I just haven't seen yet. In this instance, because the court was succinct in its finding, I think it's important to rely on the record as a whole. And that record is not devoid of the circumstances surrounding the defendant's noncompliance. Ms. Correa, if we look at the court's consideration of 3553A factors in determining whether or not to revoke the defendant's supervised release, the court says, I've considered the factors in 3553A, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Jordan in reaching a sentence. But doesn't say anything else about 3553A or the significance of either of those factors. How is that a sufficient explanation for revocation? Again, not for the underlying facts, but for the revocation itself. To justify whether or not the defendant's supervised release should be revoked, the court needs to articulate its finding, but that does not have to be just what the court says. And I think that's the fundamental difference here is the court didn't, it's correct. The court did not outline every instance of a violation, did not outline all of the defendant's misconduct that the court felt required revocation. But in the greater context of this hearing, the court had all that information. The reality is- And that may be true. The facts may be developed, but the question is not the, are the facts there to make the determination? The question is, what did the court rely on in making the determination? And I believe the answer is that the court relied on the evidence that came out during a contested revocation hearing. If there had been no contested revocation hearing in which evidence was presented by two government witnesses and the defendant himself, the conversation I think here would be different. However, it's not, prior precedent has shown that it is the totality of the hearing. It's all of the information that the court had available to it and relied upon. And I understand that the issue this court takes with the lower court is that it didn't articulate exactly what it relied upon, but in an implicit way it did. It relied upon the factual findings in the violation memorandum that was not implicit, that was explicit. And it made these findings after a full revocation hearing. Those facts that came out in the revocation hearing are largely unconsested and they mirror what was in the violation memorandum. And as this court noted, the defendant did state that he failed to take the June 4th, 2019 urinalysis drop. Yes, the defendant made statements with regards to his explanation of why, but the greater context is the defendant's testimony as the whole was incredible. Did the court say that in its finding? It did not. But if this court is reviewing what occurred at the lower court, this court has the entire transcript of the revocation hearing and can make a similar determination. If this was a de novo review, this court would be reviewing everything that transpired at the lower court level and again would have the facts in front of it to make the determination of whether or not certain witnesses were more credible than the other and whether or not there was a substantial basis to find that revocation was justified. The government admits that the district court was very succinct, but we see in other cases that implicit findings in the record are sufficient. When a court relies on violation memorandums and has an adequate record below, a higher court can review it. This court made, excuse me, the district court, when it found that the defendant violated the terms of the supervisory release, said you violated for failure to drop and you violated for failure to obtain mental health and substance abuse assessments and those facts are uncontested. Does it matter, counsel, that he apparently didn't flunk any tests and had shown up for all the other ones? No, your honor. Doesn't matter? Not in this instance. Not in terms of sufficiency, but in terms of trying to decide, does this guy need to go back to prison? Your honor, as a whole, I think the character and history of the defendant, sure, it makes a determination for the court in determining that and at least in the government's argument at sentencing developed, gave the court all the history of the defendant's conduct dating back to 2004. Thank you. Thank you. Thank you, counsel. Anything further, Mr. Henderson? Unless the panel has questions, I have limited time, so I'm happy to rest on the argument I've already presented. Thank you very much. The case is taken under advisement.